165 N.J. Super. 500 (1978)
398 A.2d 891
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS L. DARGON AND JOHN A. CRANER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1978.
Decided December 26, 1978.
*501 Before Judges LORA, MICHELS and LARNER.
*502 Mr. John A. Craner argued the cause for appellants (Messrs. Craner & Nelson, attorneys.)
Mr. Steven M. Ingis, Assistant Prosecutor, argued the cause for respondent (Mr. Peter D. Manahan, Morris County Prosecutor, attorney).
Mr. Roger J. Karlebach argued the cause for amicus curiae Riverside Hospital (Messrs. Keeley, Drye & Warren, New York attorney, of counsel).
The opinion of the court was delivered by LARNER, J.A.D.
Defendants were convicted in the municipal court of trespassing on the premises of Riverside Hospital in Boonton, in violation of N.J.S.A. 2A:170-31. On a de novo appeal to the County Court, they were again found guilty of the offense.
They appeal from this conviction, asserting that (1) the State courts do not have the power or jurisdiction to invoke the provisions of the Disorderly Persons Act because the National Labor Relations Board had exclusive jurisdiction over an election which was being held in the hospital building at the time and thus preempted the State from enforcing its laws, and (2) defendants cannot be guilty of trespass because the hospital building is quasi-public in nature and defendants initially entered the premises for legitimate purposes.
We find both contentions to be without merit.
Riverside Hospital is a private institution organized as a nonprofit corporation. On June 25, 1976 an election was being held under National Labor Relations auspices in the cafeteria to determine whether hospital employees would be represented by the labor organization known as Licensed Practical Nurse Association of New Jersey, Inc. Defendant Craner, attorney for the Association, and defendant Dargon, its president, were present when the polls opened at 6 A.M. *503 The sessions for voting were scheduled to take place between 6 A.M. and 8 A.M. and from 3 to 5:30 P.M.
The N.L.R.B. representative conducting the election asked defendants as well as the hospital's attorney and administrator to leave the voting area while the polls were open. As a consequence defendants proceeded from the cafeteria to the lobby and waiting room of the hospital, approximately 50 feet away, and thereupon defendants were requested by the hospital's attorney and administrator to leave the hospital. They refused, stating that they were going to remain where they could observe the polling area, and when defendants persisted in their right to remain after several requests to leave, the hospital authorities summoned the police. Upon further requests by the police they again refused to leave. Thereupon the hospital administrator went to police headquarters and signed trespass complaints and defendants were arrested.
The pertinent statute provides:
Any person who trespasses on any lands, * * * after being forbidden so to trespass by the owner, occupant, lessee or licensee thereof * * * is a disorderly person and shall be punished by a fine of not more than $50. [N.J.S.A. 2A:170-31]
The fact that an N.L.R.B. election was taking place in the cafeteria does not mean that the State is preempted from enforcing its laws relating to trespass. As the trial judge found, the hospital is a private institution and its building constitutes private property. It is thus distinguishable from the public school grounds involved in State v. Besson, 110 N.J. Super. 528 (Cty. Ct. 1970).
Although defendants entered the premises with the permission of the hospital for the limited purpose of the preliminary representation of the Association prior to the opening of the polls, the hospital authorities had the right to ask them to leave the building thereafter. And whether they were in the lobby or elsewhere in the building, their deliberate and persistent refusal to leave pursuant to the *504 several requests rendered them wilful trespassers within the interdiction of the foregoing statute. See State v. Karr, 119 N.J. Super. 385 (App. Div.), certif. den. 62 N.J. 68 (1972).
The extensive arguments in the briefs submitted to us relating to the National Labor Relations Act and alleged preemption are clearly misplaced. The State in this case and the charge against defendants have no connection with the election or its conduct or validity under the N.L.R.B. statute or regulations. Whether or not the expulsion of defendants from the hospital premises would found a charge of an unfair labor practice or an attack upon the validity of the election is within the scope and jurisdiction of the federal agency, and the remedy of the Association, if any, lies through a complaint to that agency.[1] The availability of such a civil remedy, however, does not serve to foreclose the State from enforcing its criminal and quasi-criminal laws relating to trespass when the facts warrant it.[2]
This is a simple trespass case. Defendants were convicted on substantial credible evidence in the record. We therefore affirm.
NOTES
[1] It is of interest to note that a subsequent objection to the election by the Association, based in part upon the arrest and removal of Craner from the hospital premises, was rejected by N.L.R.B. in an opinion which includes the comment,

The Board has never established a requirement that outside representatives be permitted to remain on an Employer's premises during the hours of balloting. Moreover, the incident is replete with opportunities afforded the Petitioner to leave the hospital premises without intervention of the police department. Petitioner, however, chose not to avail himself of these opportunities.
[2] See the recent opinion of the United States Supreme Court in Sears, Roebuck & Co. v. Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978), which rejects the preemption argument in the context of state civil restraint in the form of injunction.