STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
CHARLES ROBERT CONK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 28, 1981—Decided May 19, 1981.

Before Judges BOTTER, KING and McELROY.

*George E. Sabbath* argued the cause for appellant.

*Michael E. Hubner* argued the cause for respondent (*McKeon, Curtin, Hubner & McKeon*, attorneys; *Thomas R. Curtin*, Kinnelon, on the letter brief).

The opinion of the court was delivered by

KING, J. A. D.

Defendant, an 18-year-old, 12th grade student appeals from his conviction of defiant trespass, in violation of *N.J.S.A.* 2C:18–3(b), for which he was fined $25 and assessed costs.

On appeal defendant alleges that his conviction must be reversed because (1) his actions were within "customary tolerance or license" and the complaint should have been dismissed pursuant to *N.J.S.A.* 2C:2–11(a) and (c) or, in the alternative, that the Code of Criminal Justice does not apply; (2) the complaint was defective jurisdictionally and should have been dismissed; (3) he was given insufficient notice against trespass and (4) he was licensed or privileged to be on school grounds, the

site of the trespass. The second and third points are clearly without merit as is the claim that his actions were within "customary tolerance or license" within the meaning of *N.J.S.A.* 2C:2–11(a) and (c). *R.* 2:11–3(e)(2).

However we deem it advisable to briefly discuss defendant's claims that the trial judge erred in denying his motion to dismiss the complaint because the Criminal Code did not apply and that the conviction should be reversed because his license to be on school property had not been revoked.

Defendant was enrolled in a special work-study program. His classes concluded at 10:20 a. m. each day. Defendant acknowledged that on December 6, 1979, following an incident in which he had hit another student, he was told by the school's principal and vice-principal that he was from that day to leave the school at the conclusion of his last class. Defendant observed the directive until December 21, 1979, when he returned to school in the afternoon, smelling of alcohol, and became involved in an altercation with a student. A teacher told him that an announcement had been made that he was not to be in the building at that hour for any reason and that he and his companion should leave.

Later that afternoon the teacher again saw him in the building and so did another teacher. He was making noise and still smelled of alcohol. He was instructed to go home but he did not. The vice-principal was informed and he took defendant to the principal's office. Defendant offered no explanation as to why he was in the building. The police were called; they arrested defendant; the vice-principal signed a criminal complaint. At trial defendant stated that his health teacher had advised him to return that afternoon to meet with her regarding a make-up exam. That teacher denied this, stating that defendant had never spoken to her about the make-up test.

Defendant alleges that *N.J.S.A.* 18A:37–1 to 5 of the school laws precludes the board of education from resorting to remedies available under *Title* 2C, the Code of the Criminal

Justice. There is nothing in *N.J.S.A.* 18A:37–1 to 5 which could be construed to limit the school board's right to use the remedies available under the Criminal Code. The focus of these sections of the school laws is to guarantee student discipline and the student's due process rights in proceedings taken by the school administration which could result in the imposition of the serious sanctions of suspension or expulsion. *Goss v. Lopez,* 419 *U.S.* 565, 95 *S.Ct.* 729, 42 *L.Ed.2d* 725 (1975). Those sanctions are reasonable and necessary for the proper conduct of the school program. The statute makes no provision for the punishment of a *quasi*-criminal act, nor does it specifically preclude a school official from utilizing any other kind of remedy. The availability of civil remedies does not foreclose the State from enforcing its criminal and *quasi*-criminal laws relating to trespass when the facts warrant. *State v. Dargon,* 165 *N.J.Super.* 500, 504 (App.Div.1978).

■ Defendant further contends that he has to be suspended under *N.J.S.A.* 18A:37–4 before he can be charged with trespass. According to defendant, suspension is the type of notice required in a trespass action involving a student and it is suspension alone which revokes the student's license to be on school grounds. Defendant's reliance on *State v. Besson,* 110 *N.J.Super.* 528 (Cty.Ct.1970), is misplaced as that case did not turn on the adequacy of the notice against trespass. *N.J.S.A.* 2C:18–3(b)(1) provides that notice of trespass may be given by actual communication to the actor. Both on the day of the offense and two weeks before, defendant had been given notice that he was to leave school immediately after classes. Defendant himself testified that he knew he was not to be on the school premises after classes.

■ Defendant next contends that since the school building is public property and he was a student he had a license and privilege to be there which could be revoked only by expulsion or suspension. He claims that prior to revocation or suspension of that license, an action for criminal trespass may not lie.

It is true that the ownership of school property is in the local school board as trustee for the public at large, and the property occupies the status of public property. 68 *Am.Jur., Schools*, § 69 at 418; *N.J.S.A.* 18A:20–1. There is no question that at the time of the incident defendant was a student, albeit a part-time one, and was therefore licensed at a minimum to attend classes. The issue here is whether suspension or expulsion is the only method by which defendant's license to remain on the premises can be revoked. We think it is not.

There can be no doubt that defendant has a fundamental right to an education. However, this right to an education is basic but it is not absolute. The exercise of the right is subject to the student's adherence to lawful conditions. *N.J.S.A.* 18A:37–1 mandates that a pupil comply with rules, pursue the prescribed course of study and submit to the authority of the teachers and administrators. *R. R. v. Bd. of Ed., Shore Reg. H. S.*, 109 *N.J.Super.* 337, 343 (Ch.Div.1970).

Any pupil who is guilty, among other things, of continued and willful disobedience, or of open defiance of authority is liable to punishment and to suspension or expulsion from school. *N.J.S.A.* 18A:37–2. Conduct which constitutes good cause for punishment, suspension or expulsion of a pupil includes, among other things, continued and willful disobedience, open defiance of the authority of any teacher or person in authority and physical assault upon another pupil. *N.J.S.A.* 18A:37–2(a), (b) and (d). Defendant's conduct here constituted good cause for suspension or expulsion under *N.J.S.A.* 18A:37–2, although it did not mandate these sanctions as would a similar attack upon a member of the faculty. *N.J.S.A.* 18A:37–2.1. The conduct is, alternatively, subject to punishment under *N.J.S.A.* 18A:37–2.

Here the principal and vice-principal saw fit to punish defendant by restricting his access to the building after he concluded his course of study each day. Had they decided to prohibit his attendance at class, suspension or expulsion with the attendant procedural protections would have been the only course they could have legally pursued, but they did not do that.

■ There was no interference with the fundamental right to attend classes when the vice-principal signed the trespass complaint; the provisions of *N.J.S.A.* 18A:37–2 were not triggered. Suspension was not required before defendant's privilege to be on school grounds after class could be revoked as a disciplinary action.

■ Finally, *N.J.S.A.* 2C:18–3(c) provides in subsection (3) for the affirmative defense of license. That subsection states that it is an affirmative defense to a prosecution for trespass that "The actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." Here defendant knew he was restricted as far as after-school access and the principal was acting within his authority when he issued such a restriction.

Affirmed.