774 A.2d 612

STATE OF NEW JERSEY, UPON COMPLAINT OF ANWAR QARM-
OUT, APPELLANT–APPELLANT, v. BRUNO L. CAVALLO, COR-
PORATE, TREASURER, LAURIE A. LIGHTKEP, CORP. SEC.,
RICH CONSTRUCTION CO., INC. (A CORPORATION), RICH-
ARD N. DISTLER, CORP. PRESIDENT, ROOSEVELT REBIM-
BAS, SR., CORP. VICE PRESIDENT, ROOSEVELT REBIMBAS,
JR., APPELLEES–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 2, 2001—Decided May 11, 2001.

Before Judges KING, COBURN and AXELRAD.

Anwar Qarmout, appellant pro se.

The opinion of the court was delivered by

COBURN, J.A.D.

Anwar Qarmout filed a citizen complaint in municipal court on August 17, 1999, alleging that the defendants had committed the petty disorderly persons offense of criminal trespass, *N.J.S.A.* 2C:18–3b. On August 26, the complaint was dismissed because of the absence of probable cause pursuant to *R.* 7:2–2(a)(1). Mr. Qarmout appealed to the Law Division, which affirmed the ruling of the municipal court in an order dated March 20, 2000, accompanied by a written statement of reasons. This appeal ensued. We reverse and remand with the direction that the defendants be summoned to answer the charge.

The affidavit submitted to the municipal court by Mr. Qarmout on the issue of probable cause indicated that he was the owner of real property in Newton and that during the period August 18, 1998 through November 12, 1998, the defendants had improperly deposited solid waste materials on the property. The affidavit included these statements:

I GAVE PERMISSION TO [THESE DEFENDANTS] TO USE MY ABOVE PROPERTY TO DUMP CLEAN FILL. I SPECIFICALLY PROHIBITED ANY ENTRANCE UPON MY PROPERTY EXCEPT FOR DUMPING CLEAN FILL.... ON OR ABOUT OCTOBER 27, 1998, THE SUSSEX COUNTY HEALTH DEPARTMENT WROTE ME THAT PROHIBITED SOLID WASTE WAS DUMPED ON MY PROPERTY.

*N.J.S.A.* 2C:18–3b, entitled "Defiant Trespasser," provides as follows:

A person commits a petty disorderly persons offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(1) Actual communication to the actor; or

(2) Posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(3) Fencing or other enclosure manifestly designed to exclude intruders.

The Law Division judge reasoned that probable cause did not appear because the complainant admitted that he had given defendants permission to enter his land, thereby licensing them to be on the property. In reaching that conclusion, the judge erred by disregarding the limited nature of the license involved.

Prior to adoption of the Criminal Code, *N.J.S.A.* 2C:1–1 to 98–2, this action would have been governed by *N.J.S.A.* 2A:170–33, which provided as follows:

Any person, firm or corporation that throws, drops, dumps on, tows to or otherwise places on open fields or other private property, without first obtaining the permission of the owner or person in possession of such property, any abandoned automobile, automobile parts, junk, paper, bottle, trash, garbage, refuse or debris of any nature is a disorderly person.

In the Commentary to the Final Report of the New Jersey Criminal Law Revision Commission on the then proposed penal code, the Commissioners cited that statute (as well as the other statutes dealing with trespass), and observed, "The Code's policy is to consolidate these into a comprehensive statutory enactment." *The New Jersey Penal Code, Vol. II,* comment 2 on *N.J.S.A.* 2C:18–3 (1971).

The comprehensive enactment, *N.J.S.A.* 2C:18–3b, appears to be clearly applicable to this case. The complainant alleged that he actually communicated to the defendants that they

could enter his property for the purpose of dumping clean fill and for no other purpose. He further alleged that in defiance of the limited license, they knowingly entered and dumped solid waste. We perceive nothing in this section of the Code which denies a property owner the right to issue a limited license with respect to the use of his land or which permits a licensee to disregard the restrictions placed on the license.

The precise issue does not appear to have arisen in this state, but the complainant's position is supported inferentially by *State v. Dargon*, 165 *N.J.Super.* 500, 398 *A.*2d 891 (App.Div.1978). Although the case involved an earlier trespass statute, *N.J.S.A.* 2A:170–31, the essential point is that the court recognized that a license to enter premises for one purpose could not support remaining on the premises after the purpose had been concluded. The defendants in *Dargon* were permitted entry for the limited purpose of representing hospital employees before the opening of election polls. When the polls were about to open, the defendants were told to leave but refused. They contended they could not be found guilty of trespass because their initial entry was permitted. The court rejected that contention and affirmed their guilt. There is no reason to believe the result would have been different if they had been told before they entered that they had to leave when the polls opened and failed to do so. Thus, *Dargon* appears to recognize that conduct in violation of the terms of a license to enter property can support a charge of criminal trespass even though the entry was initially permissible.

Our research has not revealed any case supporting the proposition that conduct in violation of a limited license cannot be prosecuted under criminal trespass statutes. On the other hand, in at least one case, *Miller v. State*, 109 *Ark.* 362, 159 *S.W.* 1125 (1913), the court applied its criminal trespass statute in circumstances analogous to those under consideration, saying this:

> While [the defendants] had the right of ingress and egress to the inclosure for the purposes specified in the reservation of the deeds, they had no right there for any other purpose, and therefore, when they left open and broke down the gate and

tore down the fence to the inclosure ..., they were guilty of the trespass ... denounced by the statute....

[*Id.* at 1126.]

Of course, if the complainant succeeds in proving his case and the loss suffered, if any, he may well be entitled to restitution under *N.J.S.A.* 2C:43-3. There is no just basis, as suggested by the courts below, for limiting him to pursuit of a civil action in order to vindicate his rights under the law. *Cf. State v. Storm,* 141 *N.J.* 245, 251, 661 *A.*2d 790 (1995).

Reversed and remanded.