873 A.2d 591 (2005)
377 N.J. Super. 452
STATE of New Jersey, Plaintiff
(Anthony Ricca, Appellant),
v.
Thomas VITIELLO, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 2005.
Decided May 12, 2005.
*592 Anthony Ricca, pro se, argued the cause for appellant.
Robert J. Martin, Orange, argued the cause for respondent (Mr. Martin, of counsel and on the brief).
Before Judges STERN, S.L. REISNER and GRAVES.
The opinion of the court was delivered by
STERN, P.J.A.D.
Anthony Ricca filed a harassment complaint against defendant Thomas Vitiello. Ricca endeavors to appeal from an order of the Assignment Judge of Morris County dismissing the complaint as de minimis under N.J.S.A. 2C:2-11.
Ricca asserts that defendant "intentionally elbowed him in his left side, causing him to stumble" in the entryway of the East Hanover Council chamber. Ricca claims that the act occurred as part of ongoing harassment for exercising his First Amendment right to run for political office, and that he "had enough evidence to prove that the defendant ... had struck [him] and had engaged prior to the striking in conduct intended to cause alarm or seriously annoy and intimidate the complainant." As a result, Ricca argues that the Assignment Judge "erred in ruling without the benefit of sworn testimony and relying on the probable cause hearing *593 transcript which was very limited in scope," "should have taken testimony ... as to the pattern of conduct" as asserted by the complainant, "should have recused himself [because] defendant's counsel ... has senatorial discretion on appointments to the bench thus creating an appearance of impropriety," and that "the venue of the complaint was improperly changed from the municipal court in Madison [to which it had been transferred] to the Superior Court in Morris County and the Morris County Prosecutor's Office improperly submitted a brief in a private citizen complaint."
Although we address some of the contentions briefly, we do not decide the case on the merits as the appeal must be dismissed.
N.J.S.A. 2C:2-11 provides that the Assignment Judge may dismiss a prosecution, among other reasons, if he or she finds that the defendant "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." N.J.S.A. 2C:2-11(b). The Assignment Judge so found. Under the statute, the prosecutor is entitled to notice of the application to dismiss and has "the right to be heard." N.J.S.A. 2C:2-11(c). The prosecutor also has "a right to appeal any such dismissal." N.J.S.A. 2C:2-11(c).
The matter was properly heard by the only person who could hear it, and the County Prosecutor had the right to be heard, as expressly provided in the statute. See N.J.S.A. 2C:2-11(c); R. 3:23-9 as to the prosecuting attorney on municipal appeals of statutory violations in Superior Court. See also N.J.S.A. 2A:158-4; N.J.S.A. 2B:25-5. The complainant may be right that he had enough evidence to go forward with the prosecution and may have had enough, technically, to support a conviction. But the statute is designed to avoid the need for prosecution in "de minimis" cases, irrespective of the proofs. See State v. Cabana, 315 N.J.Super. 84, 716 A.2d 576 (Law Div.1997), aff'd o.b., 318 N.J.Super. 259, 723 A.2d 635 (App.Div.1999) (dismissal of simple assault complaint by one candidate against another). Moreover, under its constitutional powers, the Supreme Court has recognized the right of legislators to practice law. See N.J. Const. Art. 6, § 2, ¶ 3. See also N.J.S.A. 52:13D-16(c).
However, we decline to adjudicate the contentions on their merits, as the complainant's appeal must be dismissed. The complainant has no right to appeal to us under our rules. See R. 2:3-1 and 2:3-2. The State, and only the State, can appeal a dismissal, particularly where the matter is being handled by a public prosecutor, and a citizen, including the complainant, who has not been designated "private prosecutor," does not have standing. See State v. Carlson, 344 N.J.Super. 521, 525-26, 782 A.2d 950 (App.Div.2001), certif. denied, 171 N.J. 336, 793 A.2d 715 (2002).[1]See also R. 7:8-7(b). Moreover, here the County Prosecutor decided not to object to the dismissal;[2] in *594 doing so he exercised his prosecutorial discretion, and has not appealed the dismissal.
The concept of prosecutorial discretion is well known in our system. See, e.g., State v. Winne, 12 N.J. 152, 172-74, 96 A.2d 63 (1953); note, "Prosecutorial Discretion," 1 Crim. Just. Quarterly 154 (1973). See also In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 870 A.2d 249 (2005); State v. Hampton, 61 N.J. 250, 275, 294 A.2d 23 (1972); State v. LeVien, 44 N.J. 323, 326-27, 209 A.2d 97 (1965); State v. States, 44 N.J. 285, 292, 208 A.2d 633 (1965); State v. Ward, 303 N.J.Super. 47, 58, 696 A.2d 48 (App.Div.1997) ("County Prosecutor's discretion as to whether to prosecute or dismiss extends to disorderly persons offenses ..."); R. 3:25-1(a) (under which a prosecutor can close a file administratively as a result of the 1977 amendment).
We need not decide whether a municipal prosecutor has the same discretion over non-indictable complaints, as compared with that of the full-time County Prosecutor, a constitutional officer, N.J. Const. Art. 7, § 2, ¶ 1. See N.J.S.A. 2A:158-5; State v. Winne, supra, 12 N.J. at 174, 96 A.2d 63. See also State v. Ashby, 43 N.J. 273, 204 A.2d 1 (1964) (only court can dismiss indictment). While this was not a municipal appeal, the matter was handled by the County Prosecutor once the motion was filed before the Assignment Judge, see N.J.S.A. 2C:2-11(c); R. 3:23-9, and the County Prosecutor can, in any event, decide to supersede the municipal prosecutor of a non-indictable complaint in the municipal court. R. 7:8-7(b). See also State v. Ward, supra, 303 N.J.Super. at 52-58, 696 A.2d 48 (prosecutorial discretion regarding non-indictables).
As the Supreme Court just developed in Loigman, supra, the County Prosecutor as the chief law enforcement officer of the County, N.J.S.A. 2A:158-4, -5, can decide not to present a criminal complaint to the grand jury and to dismiss the case upon report to the Assignment Judge. See Loigman, supra, 183 N.J. at 142, 870 A.2d 249.
In the modern era, it has been the responsibility of the public prosecutor to investigate and prosecute serious crimes, and it has been the role of the victim or concerned citizen to report knowledge of criminal activities to the proper law enforcement authorities.
[Loigman, supra, 183 N.J. at 139, 870 A.2d 249.]
Here the County Prosecutor neither opposed dismissal of the non-indictable complaint nor appealed from the dismissal. If the complaint were indictable, the complainant or victim could not appeal the dismissal because the Prosecutor could not, upon potential reversal, be required to present the case to a grand jury.[3] The victim or complainant can have no greater right to appeal when the County Prosecutor, as representative of the State, decides to dismiss or not challenge the dismissal of a non-indictable complaint.
Accordingly, the appeal is dismissed.
NOTES
[1] We recognize that a portion of State v. Ward, 303 N.J.Super. 47, 49-52, 696 A.2d 48 (App.Div.1997), can be read to the contrary.
[2] While the closing line of the Prosecutor's May 21, 2003 letter states "the State respectfully requests the defendant's motion to dismiss be denied," it is uncontested that the body suggested otherwise, referred to State v. Cabana, 315 N.J.Super. 84, 716 A.2d 576 (Law Div.1997), aff'd o.b., 318 N.J.Super. 259, 723 A.2d 635 (App.Div.1999), as analogous, considered the complaint a "stretch ... to call this behavior harassment," and left "the decision whether or not to grant the motion within [the judge's] discretion." As noted, the prosecutor did not appeal the dismissal.
[3] This is not the occasion to consider what an Assignment Judge might do upon receipt and review of a notice by the Prosecutor that he or she has dismissed an indictable complaint and closed a file administratively. See R. 3:25-1(a).