19 A.3d 479 (2011)
420 N.J. Super. 138
STATE of New Jersey, Plaintiff-Respondent,
v.
Caryn BRADLEY, Defendant.
Ernest Bozzi, Appellant.
Docket No. A-0430-09T4
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 2011.
Decided April 7, 2011.
*480 Friedman Doherty, LLC, attorneys for appellant (Donald M. Doherty, Jr., and Wesley G. Hanna, West Berlin, on the brief).
Robert D. Bernardi, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).
Before Judges REISNER, SABATINO and ALVAREZ.
The opinion of the court was delivered by
ALVAREZ, J.A.D.
Ernest Bozzi unsuccessfully attempted to file disorderly persons simple assault charges against Caryn Bradley in the Eastampton Municipal Court. See N.J.S.A. 2C:12-1a. Because Bozzi was not a "prosecuting attorney" as required by the rules, Judge Bookbinder dismissed his Law Division appeal from the municipal court administrator's decision not to issue the complaint. We agree that Bozzi lacks standing and therefore affirm.
The following facts are taken from the certification Bozzi submitted in support of his appeal. On July 19, 2008, Bozzi attended a party during which a fight erupted. When he intervened, he was struck by one guest, Dave Wallace, and punched repeatedly in the back of the head by Bradley, who was also a guest. Two weeks later, he tried to file citizen complaints against both in the Eastampton Municipal Court. For reasons not contained in the record, the municipal court administrator accepted the complaint against Wallace, but found no probable cause as to Bradley despite Bozzi's repeated attempts to convince her otherwise. Nothing in the record explains why Bozzi did not seek the intervention of the municipal or county prosecutor in pursuing the complaint. See R. 2:23-9.
In any event, Bozzi appealed the municipal court administrator's decision de novo to the Law Division. See R. 7:13. The next day, a municipal court judge from an adjoining municipality wrote "no PC found" at the bottom of the affidavit of probable cause Bozzi had submitted in support of his request that a complaint issue against Bradley.[1] As we have previously stated, Judge Bookbinder found Bozzi lacked standing to appeal because he was not a prosecuting attorney as defined by the applicable court rules. Judge Bookbinder also observed that Bozzi could have requested either the municipal or county prosecutor to review his complaint and determine whether their intervention was warranted.
Bozzi raises the following points in his brief:
I. Any Determination That Bozzi's Complaint Lacks Probable Cause Was an Abuse of Discretion Because His Complaint Plainly Pleads Simple Assault
II. The Municipal Court Administrator Lacked Authority to Substitute For the Municipal Judge For Purposes of Determining Probable Cause
III. The After-the-Fact/Post-Appeal Probable Cause Determination by the "Conflict" Municipal Court Judge Was Invalid
IV. The Superior Court Committed Legal Error By Concluding That Bozzi *481 Does Not Have a Right to Appeal in These Circumstances
A. The Court Rules and Bozzi's Right To Appeal Can Be Harmoniously Construed
B. If the Rules Cannot Be Harmonized, They Must Be Relaxed
As it is dispositive, we only address the question of standing.
Our standard of review on legal issues is de novo and we owe no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts. ..." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995); see also Zabilowicz v. Kelsey, 200 N.J. 507, 512-13, 984 A.2d 872 (2009). Likewise, we are not bound by the trial court's application of the law, even on questions involving interpretation of court rules. Washington Commons, LLC v. City of Jersey City, 416 N.J.Super. 555, 560, 7 A.3d 225 (App.Div. 2010). In this case, however, de novo review of Judge Bookbinder's analysis results in precisely the same outcome.
The starting point is Rule 7:13-1, which provides that appeals from municipal court judgments shall be heard in accordance with Rules 3:23, 3:24, and 4:74-3.[2]Rule 3:24(b) states: "[t]he prosecuting attorney may appeal, as of right, a pre-trial or post-trial judgment dismissing a complaint. ..."
In turn, Rule 3:23-9 defines "prosecuting attorney" as the Attorney General, municipal attorney, county prosecutor, or
[w]ith the assent of the prosecuting attorney and the consent of the court, the attorney for a complaining witness or other person interested in the prosecution may be permitted to act for the prosecuting attorney; provided, however, that the court has first reviewed the attorney certification submitted on a form prescribed by the Administrative Director of the Courts, ruled on the contents of the certification, and granted the attorney's motion to act as private prosecutor for good cause shown.
[R. 3:23-9(d).]
Bozzi argues that Rule 3:23, titled "Appeals from Judgments of Conviction in Courts of Limited Criminal Jurisdiction," relates only to judgments, not findings of probable cause. Hence the rule, Bozzi asserts, does not prevent a private litigant from initiating proceedings by the filing of complaints, and at that stage there is no necessity for a "prosecuting attorney." This contention is unpersuasive.
In our State, there is simply no circumstance in which a private complainant can act as a prosecuting attorney without the special approval and process provided in Rule 3:23-9(d). In fact, Bozzi lacks standing not only to have taken the initial appeal in the Law Division, but to further pursue the matter to this court. Vitiello, supra, 377 N.J.Super. at 455-56, 873 A.2d 591.
The public policy behind the limitation on who may act as a "prosecuting attorney" is well-established: "[u]nlike private citizens, prosecutors are guided and governed by the Rules of Professional Conduct and our case law to ensure fairness in the process." In re Loigman, 183 N.J. 133, 144, 870 A.2d 249 (2005); see also State v. Storm, 141 N.J. 245, 252-55, 661 A.2d 790 (1995) (discussing the detriments and benefits of private prosecutors in municipal *482 court and observing that private prosecutors frequently "undermine confidence in the integrity of the proceedings"); State v. Vitello, 377 N.J.Super. 452, 455-56, 873 A.2d 591 (App.Div.2005) (explaining State's exclusive control over whether to appeal dismissal of prosecution). See R. 3:23-2 (providing for appeal by criminal defendants or "[the] State"); R. 3:23-9 (outlining who may serve as a prosecuting attorney); R. 7:8-7(b) (defining who may appear at trial for the prosecution). Because they are mandated to ensure the fairness of the process, only prosecutors, as defined in the court rules, are authorized to act in cases that may result in incarceration or other penalties of magnitude. Such consequences require that prosecution be limited to those more interested in the "fairness [of] the process" than the vindication of individual interests. See In re Loigman, supra, 183 N.J. at 144, 870 A.2d 249.
In the alternative, Bozzi requests that we broadly interpret the term "prosecuting attorney" to include him, relying upon State ex rel. Qarmout v. Cavallo, 340 N.J.Super. 365, 774 A.2d 612 (App. Div.2001). In that case, we reversed the dismissal of a municipal court complaint based on a finding of lack of probable cause. The appeal was taken directly by the private citizen who had attempted to file the complaint in municipal court, but the issue of standing was not disputed. In fact, the designation of counsel in the reported case indicates neither the county nor the municipality were parties. Id. at 366, 774 A.2d 612.
Here, the Burlington County Prosecutor's Office disputes Bozzi's right to challenge the finding of no probable cause. The absence of any discussion about standing in Qarmout does not necessarily validate Bozzi's position on the subject and, to the extent Qarmout impliedly holds otherwise, we respectfully disagree. We are satisfied that an adverse ruling as to probable cause, warranted or otherwise, cannot be appealed by any person except a "prosecuting attorney."
Bozzi also contends the Court Rules conflict with the Victim's Rights Amendment, as set forth in art I., ¶ 22 of the New Jersey Constitution. Furthermore, he complains that, pursuant to Title 52, he was entitled to notice of his rights pursuant to the Amendment, and none was afforded to him. See N.J.S.A. 52:4B-22 (providing for the distribution of information regarding recourse available to victims of crimes).
Both constitutionally and legislatively, victims have been granted myriad rights, privileges, and accommodations. N.J.S.A. 52:4B-1 to -49. Nowhere in the constitutional or legislative scheme, however, are they granted the right to individually prosecute charges. The Victim's Rights Amendment entitled Bozzi to approach the municipal or county prosecutor, who would then have had the duty to assess, in his or her discretion, the denial of probable cause and decide whether taking an appeal was in the public interest. It did not authorize Bozzi to prosecute the matter directly.
Affirmed.
NOTES
[1] Presumably, that municipal court judge forwarded the complaint to a different municipal judge to avoid the potential appearance of impropriety. Nothing in the record suggests that the second judge was aware of Bozzi's pending Law Division appeal when he made the determination of no probable cause.
[2] Rule 4:74-3, not relevant to this appeal, addresses situations where penalties have been imposed by the municipal court. Additionally, Rule 4:74-2 specifies that such appeals are appropriately brought to the Law Division of the Superior Court. See also R. 3:23-2 (governing time and other procedural requisites for such appeals).