**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5499-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAYOR DWAYNE D. WARREN, ESQ.;
HON. DONNA K. WILLIAMS; HON. KERRY
J. COLEY; HON. TENCY A. EASON; HON.
HAROLD J. JOHNSON, JR.; HON.
CHRISTOPHER JACKSON; HON. JAMIE
SUMMERS-JOHNSON; and HON.
ADRIENNE WOOTEN,

    Defendants.

_____

Submitted July 23, 2018 — Decided  August 9, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Municipal Appeal
No. 2017-017.

Jeffrey S. Feld, appellant pro se.

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Frank J.
Ducoat, Special Deputy Attorney General/
Acting Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Complainant Jeffrey S. Feld, Esq., appeals from a July 5, 2017 order of the Law Division denying a municipal appeal for a lack of probable cause determination and dismissal of his citizen-complaints. For the following reasons, we affirm.

On October 18, 2016, the Orange Township City Council (the Council) voted on and passed resolution 333-2016, confirming the appointment of several individuals, including the Mayor's brother, to various jobs in the Township. The resolution passed in a closed Executive Session.

Feld attempted to place a statutory Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to 10:4-21, objection on the public record because he alleged the resolution passed without reasonable community notice and opportunity to be heard. Feld filed complaints in Orange City Municipal Court against: Mayor Dwayne D. Warren, Esq., the Honorable Donna K. Williams, the Honorable Kerry J. Coley, the Honorable Tency A. Eason, the Honorable Harold J. Johnson, Jr., the Honorable Christopher Jackson, the Honorable Jamie Summers-Johnson, and the Honorable Adrienne Wooten, all elected city officials in Orange Township. The complaints charged defendants with official misconduct in violation of N.J.S.A.

2C:30-2.  On December 2, 2016, Feld signed complaint-summonses against six[1] of the original eight defendants.

On January 4, 2017, the municipal court judge conducted a probable cause hearing pursuant to Rule 3:3-1, where a representative for defendants was present but not permitted to participate.  Feld argued defendants violated the OPMA, N.J.S.A. 10:4-9, and the State Constitution because no public notice and opportunity to be heard was afforded on the resolution.  The judge determined Feld did not exhaust available remedies under the OPMA and did not secure the assent of the prosecutor's office to serve as a private prosecutor.  Consequently, the judge found insufficient probable cause to establish criminal complaints under N.J.S.A. 2C:30-2 against defendants and dismissed the complaint.

On January 14, 2017, Feld moved for reconsideration or in the alternative, an order designating himself as a prosecuting attorney for the limited purpose of perfecting an appeal of the January 4 dismissal.  On March 17, 2017, the judge heard argument

---

[1]  On January 4, 2017, Feld withdrew his complaints against the Honorable Harold J. Johnson, Jr., and the Honorable Christopher Jackson.  He asserted that, after the events leading to the resolution at issue, the Council "adopted a new policy and procedure regarding walk-on resolutions" and that these two members were the leading force behind the change.  These members were the only "nay" votes during the adoption of resolution 333-2016.

on Feld's motion for reconsideration. After no substantive argument or colloquy, the judge addressed Feld, saying:

> Counselor, I'm designating you as the complainant, the person who wants to make the complaint. I'm not appointing you as special prosecutor. I believe that you have certain standing in that matter. If you think I made a procedural error or an error as to law as opposed to fact, I . . . want you to file that appeal[.]
>
> . . . .
>
> I have no problem at all with you filing an appeal in this matter, or a reconsideration, or trying to get some judge of a higher level to reconsider what we did.

On March 24, 2017, the judge signed an order granting Feld "Prosecuting Attorney Appellate Designation."

On March 30, 2017, Feld appealed the dismissal of his complaint to this court. The Appellate Division Clerk forwarded Feld's papers to the Law Division because, pursuant to Rule 3:24, plaintiff was required to initially file in that forum.

On June 30, 2017, the parties, including Feld, defendants' counsel, and an Assistant Prosecutor, appeared before the Law Division judge for a hearing on the municipal appeal. On July 5, 2017, after reviewing the submissions and hearing oral argument, the judge denied Feld's municipal appeal under Rule 3:23-9(d) for lack of standing. This appeal followed.

When considering a decision of the Law Division settling a municipal appeal, we consider whether there is sufficient credible evidence in the record to uphold the findings of the Law Division, not the municipal court. State v. Johnson, 42 N.J. 146, 162 (1964). Like the Law Division, we do not make new credibility findings. State v. Locurto, 157 N.J. 463, 470 (1999). Instead, we defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000). However, "a trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citations omitted). Our interpretation of the Rules, and of standing, are legal issues, which are subject to de novo review. N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 291 (App. Div. 2018) (citing NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 444 (App. Div. 2011)).

Feld argues the Law Division judge erred by not deferring to the municipal judge's order granting him prosecuting attorney status. We disagree. Under Rule 3:24, only a defendant or the prosecuting attorney may appeal from an order of a court of limited jurisdiction, and such appeal must be made first to the Superior

Court, Law Division. Municipal courts are courts of limited jurisdiction. See N.J.S.A. 2B:12-1.

On January 4, 2017, the municipal judge found insufficient probable cause to issue criminal summonses against defendants, and effectively dismissed Feld's complaint. We have previously instructed "an adverse ruling as to probable cause, warranted or otherwise, cannot be appealed by any person except a 'prosecuting attorney.'" State v. Bradley, 420 N.J. Super. 138, 143 (App. Div. 2011). Feld attempts to distinguish Bradley, asserting the offense he charged against defendants was a second-degree crime, whereas in Bradley, the charge was merely a disorderly persons offense. It is a distinction without a difference. In Bradley, we said, "only prosecutors, as defined in the court rules, are authorized to act in cases that may result in incarceration or other penalties of magnitude." Id. at 142.

Here, Feld did not obtain assent from either the municipal prosecutor or the county prosecutor. Feld asserts since the prosecutor was on notice of his application, and did not file opposition or appear at the municipal hearings, the prosecutor implicitly assented to his application, waived any objections, and should be equitably estopped from objecting now. We disagree, "[t]he doctrine [of equitable estoppel] is 'rarely invoked against a governmental entity . . . .'" McDade v. Siazon, 208 N.J. 463,

480 (2011) (quoting <u>Cnty. of Morris v. Fauver</u>, 153 N.J. 80, 104 (1998)). Moreover, the prosecutor's representative was present at the hearing before the Law Division, and asserted unequivocally, "[Feld] does not have our assent to prosecute this appeal." The language of <u>Rule</u> 3:23-9(d) implies express assent must be obtained, not that there must be "no objection." "The State, and only the State, can appeal a dismissal, . . . and a citizen, including the complainant, who has not been designated 'private prosecutor,' does not have standing." <u>State v. Vitiello</u>, 377 N.J. Super. 452, 455-56 (App. Div. 2005) (citing <u>State v. Carlson</u>, 344 N.J. Super. 521, 525-26 (App. Div. 2001)).

Feld's other arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION