**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3549-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER J. CHRISTIE,

    Defendant-Respondent.

_____

Argued September 18, 2018 – Decided  November 5, 2018

Before Judges Yannotti, Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 16-1945.

Donald F. Burke argued the cause for appellant William J. Brennan.

William P. Miller, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for respondent State of New Jersey (Dennis Calo, Acting Bergen County Prosecutor, attorney; John J. Scaliti, Legal Assistant, on the brief).

Kevin H. Marino argued the cause for respondent Christopher J. Christie (Marino, Tortorella & Boyle, PC, attorneys; Craig Carpenito, on the brief).

PER CURIAM

In this appeal, we are asked whether under the unique circumstances of this case, a private citizen has standing to seek the court's appointment of an independent special prosecutor to pursue a citizen-complaint once probable cause has been determined. We conclude that such standing does not exist. Accordingly, we affirm the Law Division's order determining that the complainant in this case did not have standing to seek that relief.

This matter arose out of a citizen-complaint filed by William J. Brennan under Rule 7:2-2(a)(1). That rule provides in pertinent part:

> Citizen Complaint. A Complaint-Warrant . . . or a summons charging any offense made by a private citizen may be issued only by a judge or, if authorized by the judge, by a municipal court administrator or deputy court administrator of a court with jurisdiction in the municipality where the offense is alleged to have been committed within the statutory time limitation. The complaint-warrant . . . or summons may be issued only if it appears to the judicial officer from the complaint, affidavit, certification or testimony that there is probable cause to believe that an offense was committed, the defendant committed it, and a Complaint-Warrant or summons can be issued.
>
> [Rule 7:2-2(a)(1).]

In accordance with the Rule, Brennan filed a complaint in Fort Lee alleging defendant, former governor Christopher J. Christie, committed an act of second-degree official misconduct, N.J.S.A. 2C:30-2(b), that was related to the incident that has become known as "Bridgegate." The complaint stated that defendant committed an act of official misconduct when he "refrained from ordering that his subordinates take all necessary action to re-open local access lanes to the George Washington Bridge."

The matter was transferred from Fort Lee to the Municipal Court for Vicinage II (Bergen County), and that court scheduled the matter for a probable cause hearing. Prior to the hearing, then-Attorney General, Christopher S. Porrino, and then-Bergen County Prosecutor, Gurbir S. Grewal, recused themselves from individually participating in the matter. Responsibility for the matter was turned over to a First Assistant County Prosecutor (FACP). At the hearing on October 13, 2016, the municipal court judge did not permit either defendant or his counsel to participate and after considering evidence presented by Brennan, the judge determined that there was probable cause for the complaint's filing and referred the matter to the Bergen County Prosecutor's Office (BCPO).

A-3549-16T4

On October 19, 2016, Brennan filed an emergent motion before the Law Division to disqualify the Office of Attorney General (OAG) and all county prosecutors due to an alleged conflict of interest, and for the appointment a special prosecutor. On December 2, 2016, Judge Bonnie J. Mizdol issued an order, accompanied by a written opinion, denying Brennan's motion because as a civilian complainant, he lacked standing to pursue the application for a special prosecutor. She found that Brennan's "role in this matter concluded at the end of the probable cause hearing." Relying on Rule 3:25-1(a), and Rule 3:23-9, Judge Mizdol determined that after the matter was "turned over to the [BCPO], [it] possesse[d] sole authority regarding whether or not to pursue the matter further." The judge concluded that "[b]ased upon Brennan's lack of standing, [she was] precluded from entertaining the substantive issue[s]" of his arguments.

Brennan moved for reconsideration and on December 23, 2016, Judge Mizdol issued an order and written opinion denying the motion. The judge found that Brennan failed to "put forth any case law, statute, rule, regulation, or constitutional provision" justifying his application.

In the meantime, on November 2, 2016, defendant filed a motion in the Law Division for leave to file an interlocutory appeal of the municipal court judge's finding of probable cause. On January 12, 2017, Judge Mizdol issued

4

an order and written opinion granting defendant's motion for leave to appeal, but denying his motion to dismiss the complaint with prejudice. She remanded the matter to the municipal court for a new probable cause hearing because defendant's counsel was not permitted to participate at the first hearing.

Prior to the new probable cause hearing, on January 27, 2017, the FACP wrote a nine-page letter to Judge Mizdol as required by Rule 3:25-1(a), explaining that his office did "not intend to pursue the charges against defendant based on [its] review of the evidence and [its] ethical obligations." According to the FACP, based on his office's investigation, "[the] charge cannot be proven beyond a reasonable doubt." Notwithstanding the BCPO's determination, on February 2, 2017, the municipal court judge conducted a new probable cause hearing. Due to the BCPO's decision not to pursue the charges against defendant, and despite Judge Mizdol's reason for remanding, defendant's counsel waived his right to appear at the hearing and the matter proceeded without defendant's participation.

At the hearing, Brennan again moved for the appointment of a special prosecutor. The municipal court judge denied the request, stating: "the problem that I have with . . . Brennan's request is the same that Judge Mizdol had, namely that we can't let witnesses decide who will prosecute cases, and that is . . .

Brennan's status, he is a witness for the State." The judge reserved the issue of probable cause until February 16, 2017, when he rendered an oral decision finding again that there was sufficient probable cause for a complaint-summons to issue against defendant.

Brennan appealed the municipal court judge's denial of his motion to appoint a special prosecutor.[1] He also sought referral of the matter to a grand jury, alleging that the prosecutor's refusal to prosecute was an abuse of his discretion. In response, the FACP wrote to Judge Mizdol, informing her that his office had "administratively dismissed the . . . complaint" against defendant and its "review of the transcript of the municipal court judge's February 2017 probable cause finding provides no additional insights or bases which would warrant the [BCPO] taking a different tack."

On March 17, 2017, Judge Mizdol issued an order, accompanied by a nine-page written decision, affirming the municipal court judge's denial of Brennan's request to appoint a special prosecutor. Judge Mizdol observed that Brennan's appeal was actually a motion for reconsideration of her earlier order and denied that relief. The judge ruled that Brennan's lack of standing was a "settled legal

---

[1] Brennan evidently also filed a separate petition seeking the appointment of an independent special prosecutor. A copy of the petition was not included in his appendix.

issue" in the case and she would "not consider the merits of [his] standing . . . for yet a third time." Judge Mizdol also denied Brennan's request to refer the matter to the grand jury. She stated:

> While the court remains forever mindful of the heightened concern for conflict when a governor is facing criminal prosecution by the very state he is tasked to govern, it rejects Brennan's argument that [the] BCPO abused its prosecutorial discretion. This court is satisfied that [the] BCPO has, to avoid an actual or perceived appearance of impropriety, designated a prosecutor not appointed by [defendant] or his administration, who has unbridled discretion to present the charges to a grand jury, downgrade the charges to a lesser offense or dismiss the charges. R. 3:25-1[(a)].
>
> There is nothing in the record to suggest [the] BCPO arbitrarily dismissed the complaint in lieu of conducting a thorough investigation and soundly exercising its discretion to dismiss.
>
> . . . .
>
> The court is satisfied that [the] BCPO exercised its duties in good faith and with sound discretion, carefully examining available evidence, the law, and the facts.

The judge also addressed Brennan's argument that "declining to prosecute a charge where a probable cause finding has been made is 'reasonably' perceived by the public as impropriety, warranting the appointment of a special prosecutor." The judge stated the following about Brennan's contention:

7

> This argument neglects the distinction between the threshold proofs sufficient to sustain a finding of "probable cause" and those required to sustain the "beyond a reasonable doubt" burden of proof. In its detailed March 2, 2017, letter notifying the court of its decision to administratively dismiss the complaint, [the] BCPO reasoned that it does not believe that it can prove the charge of official misconduct beyond a reasonable doubt. The court finds the BCPO's representation of inability to meet this highest burden of proof to be a valid justification for administrative dismissal, as a "prosecutor should not . . . permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction."
>
> [citation omitted.]

This appeal followed.

In his appeal from Judge Mizdol's last order, Brennen argues that the "appearance of partiality" mandated the appointment of a "special prosecutor . . . in order to maintain public confidence in the administration of justice." According to Brennan, "[i]n order to give meaning to Rule 7:2-2(a)(1), a citizen must be afforded the right to seek [the] appointment of an independent special prosecutor when the prosecutor making the decision as to whether to proceed with the case once probable cause is found has an indisputable conflict[.]" Brennan avers that "a special prosecutor must be appointed in order to maintain public confidence in the administration of justice[.]" Relying on In

re Thirty-Fifth Statewide Investigating Jury, 112 A.3d 624 (Pa. 2015), a Pennsylvania case, he argues that "[o]ther States have recognized the inherent or implied power of the judiciary to preserve and protect the proper administration of justice" by appointing a special prosecutor. Brennan also contends that he has standing to seek the appointment under Rule 7:2-2(a)(1) and that this appeal has not been rendered moot by the FACP's decision not to pursue a prosecution because the determination "was tainted by the conflict [Brennan is seeking] to be eliminated."

A trial court's determination about standing is a legal issue, subject to our de novo review. "The issue of standing [and a trial judge's interpretation of the law] present[] . . . legal question[s] subject to [this court's] de novo review." Courier-Post Newspaper v. Cty. of Camden, 413 N.J. Super. 372, 381 (2010) (citations omitted).

We have considered Brennan's contentions under our de novo standard of review and in light of the record and the applicable legal principles. We conclude that his contentions are without merit. We affirm substantially for the reasons expressed by Judge Mizdol in her thoughtful and comprehensive written decisions. We add only the following comments.

At the outset, we observe that Brennan did not have standing to appeal any of the municipal court's decisions to the Law Division or appeal from Judge Mizdol's orders. See State v. Bradley, 420 N.J. Super. 138, 142 (App. Div. 2011). As a citizen complainant, Brennan's role was limited to that "of the victim or concerned citizen[,]" or witness "report[ing] knowledge of criminal activities to the proper law enforcement authorities." In re Loigman, 183 N.J. 133, 139 (2005). Other than as a possible witness, a citizen complainant has no further role in the criminal process. Once a judicial officer determines the existence of probable cause to issue a complaint or summons, it is the prosecutor who reviews the complaint, under Rule 3:2-1, and determines "whether the charges merit presentation to the grand jury or, alternatively, outright dismissal or downgrade to the municipal court." Id. at 144. "The complainant has no right to appeal" the dismissal of a criminal complaint, State v. Vitiello, 377 N.J. Super. 452, 455 (App. Div. 2005), and cannot "act as a prosecuting attorney [for purposes of appeal] without the special approval and process provided in Rule 3:23-9(d)" that are not applicable here. Bradley, 420 N.J. Super. at 142.

Even if Brennan had standing, the premise of his argument for the appointment of a special prosecutor is incorrect. Contrary to Brennan's argument, there was no incurable conflict presented by the BCPO continuing to

represent the interests of the State after the County Prosecutor recused himself. There is no authority for the recusal of a county prosecutor's office or for finding an appearance of conflict if a county prosecutor recuses himself or herself and the members of the office continue to perform their obligations as prosecutors in the same matter. See State v. Harvey, 176 N.J. 522, 531 (2003) (refusing to disqualify an entire prosecutor's office based on the conflict of a single prosecutor); State v. Irizarry, 271 N.J. Super. 577, 591 (App. Div. 1994) ("We have found no case that stands for the proposition that an entire prosecutor's office should be disqualified because some members of the office are [faced with a conflict].")

Also, there is no authority in this State for a court to appoint a special prosecutor under the circumstances here. Brennan's reliance on In re Thirty-Fifth Statewide Investigating Jury, in support of his contention that the judiciary has the ability to appoint a special prosecutor is inapposite. First, this court is not bound by out-of-state case law. See Abel Holding Co. v. Am. Dist. Tel. Co., 147 N.J. Super. 263, 271 (App. Div. 1977). Second, that case involved the court's attempt to protect the integrity of the grand jury process under its supervision, pursuant to specific legislation, when it was confronted with a need to investigate Pennsylvania's Attorney General because there were reasonable

grounds to believe that she may have compromised grand jury secrecy. In re Thirty-Fifth Statewide Investigating Jury, 112 A.3d at 625. As the Pennsylvania Supreme Court recognized in that case, the facts presented there were distinguishable from a situation where, as here, a litigant seeks the "displacement of a non-conflicted . . . official from the performance of his duties." Id. at 631.

In any event, the court in that case was not asked to address the issue of a citizen-complainant's standing to seek the appointment of a special prosecutor under the present circumstances, which the municipal court judge, Judge Mizdol, and we have now found Brennan lacked in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION