# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1667-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN D. APPLEBY,

    Defendant-Appellant.

_____

Submitted May 16, 2019 – Decided June 12, 2019

Before Judges Whipple and Firko.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 17-10-1645.

Robert L. Tarver, Jr., attorney for appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

On leave granted, defendant, John Appleby, appeals from a September 20, 2018 order denying his admission into Drug Court. We affirm.

In February 2017, Lacy Township police learned defendant routinely traveled to Florida to purchase cocaine to sell in New Jersey. On March 18, 2017, Lacy Township police performed a vehicle stop of defendant's car. The search revealed a digital scale with white powder residue, a bag with a trace amount of marijuana and two bags containing suspected methamphetamine and cocaine. The police arrested defendant.

On June 22, 2017, defendant underwent a Treatment Assessment Services for Court (TASC) evaluation to determine if he was eligible for Drug Court. On July 7, 2017, the TASC evaluator reported defendant did "not manifest any symptoms of a substance use disorder as defined in the DSM-5."[1]

Defendant was subsequently indicted for third-degree possession of a controlled dangerous substance (CDS) (methamphetamine), N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS (cocaine), N.J.S.A. 2C:35-10(a)(1); second-degree possession with intent to distribute (cocaine), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); and second-degree conspiracy to distribute

---

[1] Diagnostic and Statistical Manual of Mental Disorders, 5th Edition.

or possess with intent to distribute (cocaine), N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5(b)(2).

On May 9, 2018, defendant moved for admission into Drug Court. In support of the motion, defendant underwent a private substance abuse screening performed by Lisa Mollicone LCADC. Mollicone concluded defendant "clearly fits the DSM[-]5 criteria for a severe substance abuse problem." On August 24, 2018, the Drug Court judge conducted a hearing and denied defendant's admission. The judge rejected Mollicone's substance abuse report as a "net opinion, which is not admissible and may not be considered." In rejecting Mollicone's report, the judge stated:

> The next sentence: "[defendant] has a cocaine dependency problem, severe. He uses cocaine daily."
>
> Okay. So that's the basis? My understanding, I'm not a professional, but as a drug court judge -- I've been doing this for a while -- is that mere use alone is not enough to justify the conclusion that somebody has a moderate to severe substance abuse disorder, and that's all I read here.
>
> . . . .
>
> Next sentence: "he is dependent on crystal meth, methamphetamine and uses it several times a week."
>
> That's it. That['s] the only "analysis[,]"[] the only factual recitation regarding that subject . . . .

A-1667-18T1

So, we've got a sentence for each disorder. And, again, I have to compare and contrast that to the TASC evaluator's report, which has all kind of details and facts about all those aspects that, while they're mentioned here, they're not fleshed out or analyzed at all.

. . . .

So, there's no dissection of the history for me to review. If she spent a lot of time and went into a lot of detail, it hasn't been related to me, and I have to conclude that Ms. Mollicone's report is what we call a net opinion, and it wouldn't be admissible at trial, because she doesn't give us the why and wherefore that support the opinion, [but] rather [] a mere conclusion.

The Drug Court judge denied defendant admission, and we granted defendant's motion for leave to appeal.

Defendant raises the following issues on appeal:

> POINT I: DEFENDANT'S SUBSEQUENT EVALUATIONS FOLLOWING HIS REJECTION DEMONSTRATE THAT HE QUALIFIES FOR ENTRY INTO THE DRUG COURT PROGRAM.
>
> POINT [II]: THE COURT IMPROPERLY REJECTED MS. MOLLICONE'S FINDINGS AND ASSESSMENT WITHOUT SUFFICIENT BASIS AMOUNTING TO AN ABUSE OF DISCRETION.

Determining whether an offender is eligible for drug court "involves a question of law." State v. Maurer, 438 N.J. Super. 402, 411 (App. Div. 2014). "Our standard of review on legal issues is de novo and we owe no deference to

4

the trial court's 'interpretation of the law and the legal consequences that flow from established facts . . . .'" State v. Bradley, 420 N.J. Super. 138, 141 (App. Div. 2011) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"A trial court's evidentiary rulings are entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. Nantambu, 221 N.J. 390, 402 (2015) (alteration omitted) (quoting State v. Harris, 209 N.J. 431, 439 (2012)). When a trial court fails to apply the proper legal standard to determine admissibility of evidence, the court's decision is not entitled to deference and appellate review is de novo. State v. Darby, 174 N.J. 509, 518 (2002).

On appeal, defendant argues Mollicone's evaluation demonstrates that he qualifies for admission into the Drug Court program because he is a drug dependent person, N.J.S.A. 2C:35-2, and the judge erred when he rejected Mollicone's report. We disagree.

"A fair deliberative process requires that the Drug Court judge consider all of the relevant information available." State v. Clarke, 203 N.J. 166, 182 (2010). "Although a Drug Court judge is not bound by a substance abuse evaluator's recommendation for in-patient drug treatment, the evaluation is a

5

critical component of a decision to grant or deny admission into the Drug Court program." Id. at 183. "The substance abuse evaluator's recommendation can assist in the judge's consideration of a defendant's need for treatment and the probable effect of any addiction on future criminal behavior." Ibid. Special probation provides one track by which certain offenders become eligible for Drug Court, a "specialized court[] . . . that target[s] drug-involved 'offenders who are most likely to benefit from treatment and do not pose a risk to public safety.'" State v. Meyer, 192 N.J. 421, 428-29 (2007) (quoting Administrative Office of the Courts, Manual for Operation of Adult Drug Courts in New Jersey 3 (July 2002)). "Under [this] track, to meet the requirements for 'special probation,' the applicant must have committed a crime that is subject to a presumption of incarceration or a mandatory prison term, and the judge must find that the applicant satisfies nine separate factors." Clarke, 203 N.J. at 175 (citing N.J.S.A. 2C:35-14(a)(1)-(9)). The two factors most at issue in the present case are:

> (1) the person has undergone a professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment; and

> (2) the person is a drug or alcohol dependent person within the meaning of N.J.S.[A.] 2C:35-2 and was drug

> or alcohol dependent at the time of the commission of the present offense[.]
>
> [N.J.S.A. 2C:35-14(a)(1), (2).]

N.J.S.A. 2C:35-14(a) states that a judge must consider "the presentence report and the results of the professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment." (Emphasis added).

We disagree with the State's argument that the Legislature intended the judge to exclusively rely on the TASC report and no other assessments are to be considered. The phrase "the results of the professional diagnostic assessment," as used in N.J.S.A. 2C:35-14(a), has remained static since its enactment. See N.J.S.A. 2C:35-14(a); L. 1987, c. 106, § 1. N.J.S.A. 2C:35-14(a) specifically requires a judge to consider "all relevant circumstances, and [the judge] shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing or other court proceedings[.]"

Here, the judge carefully considered and rejected Mollicone's report. The judge is not bound by the substance abuse evaluator's determination. Clarke, 203 N.J. at 183. In fact, even if both the TASC report and Mollicone's report found defendant had some level of substance abuse problems, the court would not be bound by these opinions. N.J.S.A. 2C:35-14(a) states the court may

"place the person on special probation, which shall be for a term of five years, provided that <u>the court finds on the record</u> that [the conditions are met]." (Emphasis added). This is a legal determination where the court must determine whether the person is "drug or alcohol dependent." N.J.S.A. 2C:35-14(a)(2). For this reason, the relevant inquiry is not which report is controlling, but whether the judge properly considered the TASC report and other substance abuse report. The record demonstrates he did.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1667-18T1