NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5674-12T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY F. STALTER,

    Defendant-Appellant.

_____

> APPROVED FOR PUBLICATION
>
> May 27, 2015
>
> APPELLATE DIVISION

Argued October 29, 2014 — Decided May 27, 2015

Before Judges Alvarez, Waugh, and Maven.

On appeal from Superior Court of New Jersey,
Law Division, Warren County, Indictment No.
10-06-0179.

Jason A. Coe, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender,
attorney; Mr. Coe, of counsel and on the
briefs).

Kelly Anne Shelton, Assistant Prosecutor,
argued the cause for respondent (Richard T.
Burke, Warren County Prosecutor; Ms.
Shelton, of counsel and on the brief).

The opinion of the court was delivered by

WAUGH, J.A.D.

Defendant Anthony F. Stalter appeals the Law Division's

June 20, 2013 amended judgment of conviction, which imposes a

sentence of incarceration for three years for violation of probation. He focuses the appeal on the denial of jail credit for time spent in a residential treatment program in connection with his participation in Drug Court. We affirm.

I.

We discern the following facts and procedural history from the record on appeal.

In March 2010, Stalter attempted to obtain Xanax and Vicodin, both controlled dangerous substances, from a Rite Aid Pharmacy in Lopatcong Township. He telephoned the pharmacy and pretended to be a representative of his doctor's office. The Rite Aid employee with whom he spoke later contacted the doctor's office and confirmed that the prescriptions requested by Stalter were fraudulent. He was arrested when he arrived at the pharmacy to pick up the prescriptions.

On June 3, Stalter pled guilty to an accusation charging him with a single count of third-degree obtaining a controlled dangerous substance by fraud. N.J.S.A. 2C:35-13. The plea agreement provided for a one-year probationary term with thirty days in jail as a condition of probation. The agreement further provided that the State would not object to Stalter's participation in the Sheriff's Labor Assistance Program. On September 10, the plea judge imposed the recommended sentence.

On January 26, 2012, Stalter pled guilty to violating the terms of his probation by making a false report to a law enforcement officer and testing positive for drugs. The latter led to his termination from a drug rehabilitation program.

Stalter successfully applied for admission to Drug Court. On April 5, his probation was revoked and he was sentenced to five years of probation under Track 2 of Drug Court admission. As a condition of probation, Stalter was required to participate in a residential drug treatment program at Integrity House. He successfully completed the program, having been at Integrity House for 217 days. He was then transferred to Freedom House, a residential halfway house. In January 2013, Stalter was discharged from Freedom House for violating the program by doing a crossword puzzle during group therapy and failing to report to his Drug Court supervisor as required. A bench warrant was issued for his arrest.

Stalter was arrested on April 22, and again charged with violating probation. He subsequently pled guilty and was sentenced to incarceration for three years. Stalter was allowed 201 days of jail credit for the time he was in jail during the pendency of his case, but the sentencing judge denied his request for jail credit for the 217 days he spent at Integrity House. The judge explained that, "because [Stalter was]

sentenced under the general sentencing provisions," she was not authorized to give jail credit "for the time [Stalter] spent successfully completing Integrity House."  This appeal followed.

## II.

On appeal, Stalter raises the following issues:

> POINT I:  UNDER R. 3:21-8, STALTER SHOULD BE ENTITLED TO JAIL CREDITS FOR THE TIME HE SPENT IN A RESIDENTIAL TREATMENT FACILITY PURSUANT TO HIS DRUG COURT SENTENCE.
>
> POINT II: DENYING JAIL CREDITS FOR THE TIME STALTER SPENT IN A RESIDENTIAL TREATMENT FACILITY VIOLATED EQUAL PROTECTION.

In his reply brief, Stalter raises one additional issue:

> THE TRIAL COURT IMPLICITLY FOUND THAT INTEGRITY HOUSE CONSTITUTES A "RESIDENTIAL TREATMENT FACILITY" FOR THE PURPOSES OF N.J.S.A. 2C:35-14, AND STALTER IS THEREFORE ENTITLED TO JAIL CREDITS.  ALTERNATIVELY, REMAND IS REQUIRED TO ALLOW STALTER TO MAKE SUCH A SHOWING.

Stalter argues that he is entitled to jail credit for the time he spent at Integrity House in accordance with Rule 3:21-8, which provides that a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence."  The State takes the position that his time at Integrity House does not qualify under the rule.  The State concedes that a Track 1 offender in Drug Court would be entitled to such credit for time spent in this type of residential

rehabilitation program, but argues that a Track 2 offender, such as Stalter, is not because there was no custodial aspect to the program under Track 2.  Alternatively, the State argues that Stalter failed to demonstrate that there was a custodial component to the program at Integrity House.

Because the issue before us is one of law, our review is "de novo and we owe no deference to the trial [judge]'s 'interpretation of the law and the legal consequences that flow from established facts.'"  State v. Bradley, 420 N.J. Super. 138, 141 (App. Div. 2011) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"Drug Courts are specialized courts within the Superior Court that target drug-involved 'offenders who are most likely to benefit from treatment and do not pose a risk to public safety.'"  State v. Meyer, 192 N.J. 421, 428-29 (2007) (quoting Administrative Office of the Courts, Manual for Operation of Adult Drug Courts in New Jersey 3 (July 2002) [hereinafter Drug Court Manual]).  Although Drug Courts are involved in the implementation of the "special probation" disposition contained in N.J.S.A. 2C:35-14, they are primarily the creation of our Supreme Court under the Court's "ultimate constitutional authority to administer our court system, including the drug

court program," and are governed by the Drug Court Manual. Id.
at 424.

As we recently explained:

> For crimes of the first or second
> degree, there is a presumption of
> imprisonment, N.J.S.A. 2C:44-1(d), which is
> rarely overcome. State v. Soricelli, 156
> N.J. 525, 532-34 (1999). Thus, for such
> offenders, a regular probationary sentence
> is almost never appropriate under the Code's
> general sentencing provisions.
>
> Special probation is [a separate]
> authorized disposition under the Code. It
> is not contained in N.J.S.A. 2C:43-2(b)(2),
> but in N.J.S.A. 2C:35-14. The term "special
> probation" first appeared in that section
> when it was amended in 1999. Meyer, supra,
> 192 N.J. at 434 . . . . [T]hat amendment,
> together with subsequent amendments, set
> special probation apart from regular
> probation, rendering each a separate and
> distinct sentencing disposition authorized
> by the Code.
>
> Special probation is designed to divert
> otherwise prison-bound offenders into an
> intensive and highly specialized form of
> probation designed to "address in a new and
> innovative way the problem of drug-dependent
> offenders caught in a never-ending cycle of
> involvement in the criminal justice system."
> Id. at 434-35. Thus, the Legislature
> created special probation as a disposition
> aimed specifically at prison-bound
> offenders, who would not be eligible for
> regular probation.
>
> [State v. Bishop, 429 N.J. Super. 533, 539-
> 40 (App. Div.), certif. granted, 216 N.J. 14
> (2013).]

Defendants admitted to Drug Court who are subject to sentencing with a presumption of incarceration[1] are assigned to Track 1 and required to serve a period of "special probation" under N.J.S.A. 2C:35-14. If a Track 1 defendant's "special probation" is revoked and the defendant is sentenced to a term of imprisonment, he or she

> shall receive credit for any time served in custody pursuant to N.J.S.A. 2C:45-1 or while awaiting placement in a treatment facility pursuant to this section, and for each day during which the person satisfactorily complied with the terms and conditions of special probation while committed pursuant to this section to a residential treatment facility.
>
> [N.J.S.A. 2C:35-14(f)(4).]

"[I]n determining the number of credits for time spent in a residential treatment facility, [the sentencing judge] shall consider the recommendations of the treatment provider." Ibid. In addition, a Track 1 defendant assigned to a treatment facility for "special probation" is "deemed to be subject to official detention for the purposes of N.J.S.A. 2C:29-5 (escape)." N.J.S.A. 2C:35-14(d). As a result, unauthorized departure from the program by Track 1 defendants can be prosecuted as a separate crime, rather than just a violation of probation.

---

[1] First-degree offenders are not eligible for Drug Court.

Defendants with drug abuse problems who are not subject to a presumption of incarceration are eligible for Drug Court under the general sentencing provisions of the Criminal Code pursuant to N.J.S.A. 2C:45-2. Drug Court Manual, supra, at 16. Stalter, who had originally pled guilty to a third-degree offense, was admitted to Drug Court's Track 2. He was sentenced to general probation under N.J.S.A. 2C:45-1, rather than special probation under N.J.S.A. 2C:35-14. As a result, neither the jail-credit nor the escape provisions of N.J.S.A. 2C:35-14(d) were applicable to him.

In State v. Reyes, 207 N.J. Super. 126, 141-43 (App. Div.), certif. denied, 103 N.J. 499 (1986), which was decided prior to the adoption of N.J.S.A. 2C:35-14, we held that a defendant seeking jail credit for time spent at a residential drug program must demonstrate that residence at the facility was substantially equivalent to custody in jail or a state hospital. We found no basis for an award of jail credit in that case, in part, because,

> [a]lthough the program impose[d] restriction on personal freedom, the participant's abiding by them [was] voluntary. The program staff [did] not lock him in. Non-cooperation in activities and violation of restrictions produce greater restrictions, but [are] not themselves criminal conduct, do not subject the participant to arrest, and departure is not the offense of escape.

Although unauthorized departure from a residential drug program may have serious consequences, the participant does retain the option to leave and incur those consequences. Attendance at such a program is not the equivalent of "custody" so long as there are no physical restraints and a participant retains the option to leave without committing an additional crime.

[Id. at 144 (footnote and citations omitted).]

In partial reaction to that decision, State v. Clay, 230 N.J. Super. 509, 524-25 (App. Div. 1989), aff'd o.b., 118 N.J. 251 (1990), the Legislature enacted N.J.S.A. 2C:35-14(f)(4) as part of a more comprehensive drug reform program.[2]  However, as previously noted, that statute criminalized departure from a treatment facility and provided for jail credits for time spent there only for defendants sentenced to "special probation" in Drug Court's Track 1.

Applying the applicable law to the facts of this case, we conclude that the sentencing judge correctly determined that Stalter was not entitled to jail credit for time spent at Integrity House because, as a Track 2 participant in Drug Court, he was not sentenced to "special probation" pursuant to N.J.S.A.

_____

[2] That section was part of the Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 to -23.

2C:35-14(f)(4). We reject Stalter's equal protection argument[3] because, unlike a Track 1 defendant, he would not have been subject to prosecution for escape had he left Integrity House without permission.

We also reject the suggestion that there should be a remand to the Law Division for a hearing to determine whether Integrity House meets the requirements for jail credit set forth in Reyes. There is no factual basis in the record before us to suggest that it would. The fact that a Track 1 defendant can be sent to Integrity House for "special probation," Drug Court Manual Appendix C, is irrelevant because a Track 1 defendant would be subject to a charge of escape for leaving the program without permission, whereas a Track 2 defendant would not.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] See R. 2:11-3(e)(2).

A-5674-12T4