RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4891-14T3

STATE OF NEW JERSEY
IN THE INTEREST OF G.M.,

 A Juvenile.
_____________________________________

 Argued November 30, 2016 – Decided March 13, 2017

 Before Judges Alvarez and Manahan.1

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Camden County,
 Docket No. FJ-04-998-15.

 Ruth E. Hunter, Designated Counsel, argued the
 cause for appellant G.M. (Joseph E. Krakora,
 Public Defender, attorney; Ms. Hunter, on the
 brief).

 Maura G. Murphy, Assistant Prosecutor, argued
 the cause for respondent State of New Jersey
 (Mary Eva Colalillo, Camden County Prosecutor,

1
 Hon. Carol E. Higbee was a member of the panel before whom this
case was argued. The opinion was not approved for filing prior
to Judge Higbee's death on January 3, 2017. Pursuant to R. 2:13-
2(b), "Appeals shall be decided by panels of 2 judges designated
by the presiding judge of the part except when the presiding judge
determines that an appeal should be determined by a panel of 3
judges." The presiding judge has determined that this appeal
remains one that shall be decided by two judges. Counsel has
agreed to the substitution and participation of another judge from
the part and to waive reargument.
 attorney; Ms. Murphy, of counsel and on the
 brief).

PER CURIAM

 G.M. appeals from an adjudication of delinquency for conduct

which, if committed by an adult, would constitute the crime of

third-degree aggravated assault against a teacher, N.J.S.A. 2C:12-

1(b)(5)(d), and simple assault, a disorderly persons offense,

N.J.S.A. 2C:12-1(a)(1). We affirm in part and reverse in part.

 We derive the following facts from the hearing record. At

approximately 8 a.m. on October 22, 2014, D.B., the juvenile

victim, was in the cafeteria at Glen Landing Middle School in

Gloucester Township. G.M. approached D.B. and asked, "Did you say

my girlfriend looks like an alien?" D.B. responded, "What?" G.M.

then hit D.B. on the right side of his jaw. D.B. responded with

a closed-fist hit to G.M.

 Donna Clark, a health and physical education teacher at Glen

Landing, was assigned to breakfast duty in the cafeteria that

morning. Clark noticed that the other teacher on duty, Hilary

Vilary, had a "look of panic on her face" and then observed "two

students physically . . . going at it." Clark immediately

approached G.M. and D.B. and said, "Stop. Cut it out," as she

attempted to separate them with Vilary's help.

 2 A-4891-14T3
 After Vilary "contained" D.B., "[h]e didn't continue to

pursue the fight." However, after Clark had G.M. "back in the

corner and kind of . . . contained," he "pushed through [her]" to

continue the fight. G.M. pushed Clark's left arm and shoulder

down and went after D.B. again as he was being escorted out of the

cafeteria. This time, Clark "bear hug[ged] him and rip[ped] him

away from [D.B.]" According to Clark, this took "all [of her]

might, basically, to rip him off of [D.B.]"

 Clark noted that she felt no pain the first time G.M. pushed

her. However, she was exhausted after the fight since she "had

to use all of [her] energy and force to contain [G.M.]" The only

physical mark on Clark after the fight was a scratch on her arm,

which she said she did not have prior to the fight. After watching

the surveillance video, Clark testified that she could not see,

and did not know, who scratched her arm. Clark further stated

that G.M. neither punched nor struck her during either the initial

or second interaction.

 On October 27, 2014, a Camden County juvenile complaint

charged G.M. with third-degree aggravated assault against a

teacher, N.J.S.A. 2C:12-1(b) (5) (d) (amended count one), and a

disorderly persons simple assault, N.J.S.A. 2C:12-1(a) (1) (count

two). A bench trial was held on February 24, 2015. At trial,

G.M. argued that he was acting in self-defense when he slapped

 3 A-4891-14T3
D.B. and afterward, a mutual fight ensued. G.M. further argued

that if the judge did not find the initial slap was self-defense,

the resulting fight should be viewed as a mutual fight.

Furthermore, G.M. argued that he never assaulted Clark.

 The judge found D.B.'s testimony regarding the fight credible

and that he was struck in the face by G.M. without justification.

G.M. was adjudicated delinquent based upon the finding that he

committed a simple assault. Regarding the teacher, the judge

held:

 [T]he [t]eacher is trying to break up the
 fight. The [t]eacher is trying to avoid
 additional injury from either party. She was
 not taking sides in defending one side or the
 other side.

 The other side stopped fighting. [D.B.]
 picked up his book bag and was summoned to the
 principal's [o]ffice. Sounds appropriate.
 So, the one [t]eacher who remains here is the
 [t]eacher by the name of Donna Clark. And she
 is attempting to prevent [G.M.] from returning
 to this altercation.

 That, to me, is an extremely obvious bit
 of testimony that he was attempting to get
 [loose] from [Clark] to continue [] the
 altercation. That, to me, is the only clear
 resolution of the facts in this case.

 Based upon these findings, the judge held that by pushing and

shoving Clark, G.M. "certainly not purposely, or maybe not

knowingly; but, recklessly cause[ed] or attempt[ed] to cause

. . . bodily injury." The judge found that Clark's physical

 4 A-4891-14T3
exhaustion after restraining G.M. demonstrated his attempt to

cause her bodily injury. Accordingly, the judge determined that

G.M. committed an assault of a teacher, and that since Clark's

scratch constituted bodily injury, his conduct constituted a crime

of the third-degree.

 After a disposition hearing, G.M. was sentenced to two years'

probation. In addition to complying with all standard conditions

of probation, G.M. was ordered to complete thirty hours of

community service, have no contact with D.B., attend an anger

management class, and write an apology to the victims. A fourteen-

day plan was established by the judge to determine whether G.M.

needed additional counseling.

 A motion for reconsideration was filed and scheduled for

12:30 p.m. on April 30, 2015. When neither defense counsel nor

G.M. appeared after an hour-and-a-half beyond the scheduled time,

the State moved for dismissal. The judge instead denied the

motion, holding that, contrary to G.M.'s assertion, the matter was

distinguishable from In re S.B.2 and that here, "[t]he child was

grabbed by the [] [t]eacher. The [t]eacher dragged him across the

[c]afeteria to get him away from the other child that he was

2
 In re S.B., 333 N.J. Super. 236 (App. Div. 2000).

 5 A-4891-14T3
involved with in . . . a fight of some nature. At that juncture,

the child resisted, causing the [teacher] some injury."

 Shortly after the decision, G.M.'s counsel appeared in court

and requested to be heard on the motion, which the judge allowed.

Counsel argued that S.B. was directly controlling in this matter.

The judge disagreed and, again, denied the motion for

reconsideration. This appeal followed.

 G.M. raises the following points on appeal:

 POINT I

 THERE WAS NO CREDIBLE EVIDENCE IN THE RECORD
 TO SUPPORT THE COURT'S DISPOSITION OF THE
 JUVENILE AS GUILTY OF THIRD-DEGREE AGGRAVATED
 ASSAULT AGAINST A TEACHER AND THEREFORE THE
 DISPOSITION ON COUNT ONE MUST BE VACATED.

 POINT II

 THERE WAS NO CREDIBLE EVIDENCE TO SUPPORT THE
 COURT'S DISPOSITION OF THE JUVENILE AS GUILTY
 OF ANYTHING MORE THAN A PETTY DISORDERLY
 PERSONS OFFENSE ON COUNT TWO BECAUSE THE
 RECORD CLEARLY INDICATED THAT IT WAS A MUTUAL
 FIGHT.

 POINT III

 THE SENTENCE MUST BE VACATED AND THE MATTER
 REMANDED FOR A RESENTENCING HEARING.

 A trial court's factual findings are "binding on appeal when

supported by adequate, substantial, credible evidence." State In

re W.M., 364 N.J. Super. 155, 165 (App. Div. 2003). Our deference

to those findings "is especially appropriate 'when the evidence

 6 A-4891-14T3
is largely testimonial and involves questions of credibility.'"

Cesare v. Cesare, 154 N.J. 394, 412 (1998) (quoting In re Return

of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). However, where

the issue presented is one of law, "our review is 'de novo and we

owe no deference to the trial [judge]'s interpretation of the law

and the legal consequences that flow from established facts.'"

State v. Stalter, 440 N.J. Super. 548, 553 (App. Div.) (alteration

in original) (quoting State v. Bradley, 420 N.J. Super. 138, 141

(App. Div. 2011)), certif. denied, 223 N.J. 355 (2015).

 On appeal, G.M. contends that there was no testimony or

credible evidence presented at trial that he assaulted Clark and,

therefore, the judge erred in finding that a third-degree assault

occurred. A person is guilty of aggravated assault if they

"[c]ommit[] a simple assault as defined in paragraph (1), (2)[,]

or (3) of subsection a. of this section upon . . . [a] teacher

. . . while clearly identifiable as being engaged in the

performance of his duties[.]" N.J.S.A. 2C:12-1(b)(5)(d). Simple

assault is defined as an "[a]ttempt[] to cause or purposely,

knowingly or recklessly caus[e] bodily injury to another[.]"

N.J.S.A. 2C:12-1(a)(1). Bodily injury is defined as "physical

pain, illness or any impairment of physical condition." N.J.S.A.

2C:11-1(a). Aggravated assault under N.J.S.A. 2C:12-1(b)(5)(d)

is a third-degree crime "if the victim suffers bodily injury,

 7 A-4891-14T3
otherwise it is a crime of the fourth degree." N.J.S.A. 2C:12-

1(b). "Not much is required to show bodily injury." S.B., supra,

333 N.J. Super. at 244 (citing N.B. v. T.B., 297 N.J. Super. 35,

43 (App. Div. 1997)).

 Here, the judge focused on G.M.'s actions after he was

initially restrained by Clark. The judge noted that Clark was

attempting to prevent G.M. from reengaging D.B. in a fight. As

the judge noted, "[G.M.] was attempting to get [loose] from [Clark]

to continue [] the altercation." The judge found that this

struggle could have led to the bodily injury, thus elevating the

aggravated assault to a third-degree aggravated assault. Clark

specifically testified that she did not have the scratch prior to

the fight and that she engaged almost exclusively with G.M. while

Vilary was engaged with D.B. Given our review of the hearing

record and in accord with the deference we afford to the judge,

we are satisfied there was sufficient credible circumstantial

evidence for the judge to conclude that G.M. committed a third-

degree aggravated assault against Clark by causing bodily injury

while she was acting in the performance of her duties as a teacher.

 G.M. next argues that he was erroneously adjudicated

delinquent as he and D.B. engaged in a mutual fight. We disagree.

"Simple assault is a disorderly persons offense unless committed

in a fight or scuffle entered into by mutual consent, in which

 8 A-4891-14T3
case it is a petty disorderly persons offense." N.J.S.A. 2C:12-

1(a).

 It is unrefuted that G.M. instigated the "fight" by

approaching and striking D.B. As Vilary testified, G.M. approached

D.B. and slapped him. D.B. ceased any physical contact with G.M.

after the teachers intervened; indicating that he was not a willing

participant in a fight, but only defending himself. Again, given

our review of the hearing record, we are satisfied there was

sufficient credible evidence to support the judge's adjudication

of G.M. based upon his assaultive conduct.

 Finally, G.M. asserts that the judge failed to consider the

appropriate factors outlined in N.J.S.A. 2A:4A-43(a) when

determining the disposition. The statute requires that a court

shall weigh enumerated factors in determining an appropriate

disposition of a juvenile:

 (1) The nature and circumstances of the
 offense;

 (2) The degree of injury to persons or damage
 to property caused by the juvenile's offense;

 (3) The juvenile's age, previous record,
 prior social service received, and out-of-home
 placement history;

 (4) Whether the disposition supports family
 strength, responsibility and unity and the
 well-being and physical safety of the
 juvenile;

 9 A-4891-14T3
 (5) Whether the disposition provides for
 reasonable participation by the child's
 parent, guardian, or custodian, provided,
 however, that the failure of a parent or
 parents to cooperate in the disposition shall
 not be weighed against the juvenile in
 arriving at an appropriate disposition;

 (6) Whether the disposition recognizes and
 treats the unique physical, psychological, and
 social characteristics and needs of the child;

 (7) Whether the disposition contributes to
 the developmental needs of the child,
 including the academic and social needs of the
 child where the child has intellectual
 disabilities or learning disabilities;

 (8) Any other circumstances related to the
 offense and the juvenile's social history as
 deemed appropriate by the court;

 (9) The impact of the offense on the victim
 or victims;

 (10) The impact of the offense on the
 community; and

 (11) The threat to the safety of the public
 or any individual posed by the child.

 Here, the judge did not reference these factors "that the

court must weigh when determining the appropriate disposition."

In re C.V., 201 N.J. 281, 295 (2010) (emphasis added). In the

absence of those required findings, we are constrained to remand

for a new disposition hearing.

 Affirmed in part, reversed in part and remanded for re-

disposition. We do not retain jurisdiction.

 10 A-4891-14T3