**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2350-19

TOWNSHIP OF MONROE,

    Plaintiff-Respondent/
Cross-Appellant,

v.

ANDRE LOVE and LOVE'S
TREE REMOVAL, INC.,

    Defendants-Appellants/
Cross-Respondents.

_____

        Submitted May 26, 2021 – Decided July 26, 2021

        Before Judges Alvarez and Geiger.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 10-19.

        Lawrence B. Sachs, attorney for appellants/cross-respondents.

        Shain Schaffer PC, attorneys for respondent/cross-appellant (Gregory B. Pasquale, on the brief).

PER CURIAM

Defendants Andre Love and Love's Tree Removal, Inc., appeal from the January 7, 2020 Law Division judgment finding defendant guilty of violating Monroe Township's zoning ordinances by processing mulch on Love's property. Defendants were issued twenty-five summonses for the activities[1] from February 2, 2017, to December 6, 2018. The Law Division judge reduced the penalties from an aggregate of $17,891 in fines and court costs to $10,800 in fines and $891 in court costs, which the municipality appeals. We affirm.

In rendering his decision, the Law Division judge reviewed de novo the basic facts in the record of the municipal court proceedings. R. 3:23-8. He agreed with the municipal court judge's credibility rulings, including that Love's testimony was "less-than-credible . . . ." Love not only contradicted testimony from other witnesses, he at times disputed the content of photographs which were admitted into evidence, and occasionally even his own statements while on the stand. The judge found no reason to not credit the municipal zoning officer and a neighbor, both of whom he concluded testified in a fashion "that was inherently believable . . . ."

---

[1] Two additional tickets were issued for defendants' property fencing being in disrepair and defendants were convicted of the violations. Defendants do not appear to dispute the conviction. Additionally, the municipal court found defendants not guilty of one ticket for "[m]ulching not permitted."

A-2350-19

Defendant's property is located in the R3A zone, which includes homes on three-acre lots and allows the operation of landscaping businesses and nurseries. The zone also includes, as a conditional use, tree removal, such as the business conducted on Love's property.

The zoning officer testified that he issued summonses beginning in February 2017, when he witnessed use of grinding machines for mulch processing. He described it as causing much noise and smoke, and he issued violations only when he witnessed grinding and mulch processing. Love, however, had no variance permitting the use during that timeframe.

Additionally, the zoning officer believed Love's storage of his product was improper, and Love did not submit logs regarding mulch production contrary to the zoning ordinance. While testifying, Love denied use of the property for that purpose since 2017, claiming his grinder was not operational. He said he only turned the machine on to check and repair it, although he later said he used the machine for a week or two.

In April 2017, approximately a year before the municipal court trial, the Township sought a temporary restraining order enjoining Love from engaging in mulch processing. The application for a preliminary injunction was denied after the Chancery Court judge heard limited testimony from the parties. At that

A-2350-19

hearing, Love testified that his family had produced mulch on the property since the 1940s. The judge found that although it was clear mulch production had occurred on the property in the 1970s, thereafter a change in the municipal ordinances would have restricted these activities. Despite the use now being permitted only conditionally, Love had failed to obtain zoning approvals to continue the use, and had in fact expanded it. The judge directed Love to complete his pending variance application before the Township's Zoning Board. He declined to enjoin the activity, subject to certain enumerated conditions, involving both local and state regulations. The judge added that all applicable remedies were still available to the Township.

Love received variances in September 2018, contingent upon site plan approval. He did not submit the paperwork in support of site plan approval until mid-January 2019. He therefore continued to be cited for code violations while his application was pending.

The Law Division judge rejected Love's defense that the pending Zoning Board application precluded the Township from enforcing the ordinance based on N.J.S.A. 40:55D-70(a). He considered the statute inapplicable because it relates to the appeal of a decision by a zoning officer, not to zoning violations.

A-2350-19

Love also contended that since the Township was denied a restraint, he had essentially been granted permission to continue. The Law Division judge rejected that defense because, although the Chancery judge declined to enjoin the activities, neither did he give permission for their continuation, and he had indicated that Love would be proceeding at his own risk if he continued the use without appropriate zoning approvals. Thus, the Law Division judge also found that collateral estoppel did not apply because the issues were not identical, and the Township's application for a preliminary injunction was not a final judgment.

The Law Division judge held that Love violated the zoning ordinance by continuing to process mulch "without obtaining the proper approvals." This included Love's failure to obtain site plan approval and zoning permits, failure to properly store the mulch on the site, and failure to submit mulch processing logs.

On appeal, defendants raise the following points:

POINT I

[THE CHANCERY JUDGE'S] PRIOR COURT ORDER PROVIDED PROTECTION TO THE DEFENDANTS UNDER THE [MUNICIPAL LAND USE LAW, N.J.S.A. 40:55D-1 TO -163] WHICH THE TRIAL COURT DISREGARDED.

5

POINT II

THE CREDIBILITY OF PLAINTIFF'S WITNESSES
WAS IMPROPERLY DETERMINED BY THE TRIAL
COURT.

POINT III

THE TRIAL COURT ERRED IN EXERCISING ITS
DE NOVO REVIEW OF THE RECORD BELOW.

POINT IV

THE TRIAL COURT'S INTERPRETATION OF
N.J.S.A. 40:55D-75 WAS IMPROPER.

POINT V

THE DOCTRINE OF COLLATERAL ESTOPPEL IS
INAPPLICABLE IN THE INSTANT CASE.

POINT VI

THE AMOUNT OF FINES ASSESSED WAS
EXCESSIVE AND CONTRARY TO THE RECORD
BELOW.

We find these arguments to lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We touch upon some of the points only briefly.

Contrary to defendants' contentions, the Law Division judge did make his own findings of fact based on the record from the municipal court proceedings and the argument of counsel on appeal. See State v. Hannah, 448 N.J. Super.

6

78, 93 (App. Div. 2016). The Law Division judge credited the municipal magistrate's opportunity to observe the demeanor of the witnesses. He agreed, based on his review of the transcript, with the municipal court judge's credibility findings because they were supported by the record.

As our Supreme Court has frequently reiterated, the two-court rule, applicable to review of municipal appeals de novo, requires application of a deferential standard. State v. Stas, 212 N.J. 37, 48-49 (2012). We have no doubt that here the deference owed to the two courts as to the factual findings is proper. See ibid. Although review of legal conclusions is always plenary, in this case they appear unassailable as well.

The October 18, 2017 Chancery Division order denying a preliminary injunction to the Township did not protect defendants from their choice to continue to engage in activities without the necessary approvals. The Chancery judge specifically warned defendants that if they did so, it would be at their own peril. That decision merely concluded that the Township had failed to establish irreparable harm and failed to establish the extent of the expansion of defendants' business activities. The Chancery court's prior decision was not dispositive of any issue; it was merely a denial of a request for a preliminary injunction based on an incomplete record. Those conclusions did not shield

7

defendants from their legal obligation to comply with the zoning law until they obtained the appropriate zoning approvals.

The two-court rule applies in this case, and we see no reason to stray from it. See Stas, 212 N.J. at 49 n.2; State v. Oliver, 320 N.J. Super. 405, 421 (App. Div. 1999). As a matter of law, to which the two-court rule does not apply, we find no error was committed by the Law Division judge. See State ex rel. Qarmout v. Cavallo, 340 N.J. Super. 365, 367 (App. Div. 2001).

Defendants' argument about N.J.S.A. 40:55D-75 has no merit; neither do their points with regard to collateral estoppel. Neither the statute nor the doctrine applies here.

Defendants' argument that the fines were excessive cuts against the fact that the violations spanned two years. Love was put on notice with each summons that the Township viewed the use as worthy of prosecution.

By way of cross-appeal, the municipality claims the reduction in fines was error. That is a decision subject to abuse of discretion review. State v. Blackmon, 202 N.J. 283, 297 (2010). We consider the reduction in fines to be warranted because, as the Law Division judge said, it "reflects a fair balance . . . [that] takes into account the need for deterrence as well as the ability to pay." No further discussion is warranted. R. 2:11-3(e)(2).

A-2350-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2350-19